**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 13, 2016

LETTER TO COUNSEL

RE: *Timmie Boyd v. Commissioner, Social Security Administration*;
Civil No. SAG-16-83

Dear Counsel:

On January 8, 2016, Plaintiff Timmie Boyd petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 15, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the judgment of the Commissioner, and remand the case to the Commissioner for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Mr. Boyd filed a claim for Supplemental Security Income ("SSI") on October 15, 2008. (Tr. 293-96). He alleged a disability onset date of November 15, 2006. *Id.* His claim was denied initially and on reconsideration. (Tr. 195-98, 202-03). A hearing was held on August 20, 2010, before an Administrative Law Judge ("ALJ"). (Tr. 40-80). Following the hearing, the ALJ determined that Mr. Boyd was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 149-66). The Appeals Council granted Mr. Boyd's request for review, and remanded the case to the ALJ for further consideration. (Tr. 169-70). The ALJ held a second hearing on October 2, 2013, (Tr. 81-109), and again denied benefits in a decision dated November 1, 2013. (Tr. 171-89). Once more, the Appeals Council granted Mr. Boyd's request for review, and remanded the case to the ALJ for further consideration. (Tr. 190-94). The ALJ held a third hearing on May 29, 2014, (Tr. 110-44), and again denied benefits in a decision dated July 7, 2014. (Tr. 13-32). This time, the Appeals Council denied Mr. Boyd's request for review, (Tr. 1-4), so the ALJ's 2014 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Mr. Boyd suffered from the severe impairments of "discogenic degenerative disorder; depression; alcohol and substance abuse, in remission; and diabetes mellitus." (Tr. 18). Despite these impairments, the ALJ determined that Mr. Boyd retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant cannot climb ladders, ropes, or scaffolds; must avoid all exposure to unprotected heights;

>limited to simple, routine, repetitive tasks; can occasionally interact with the public, co-workers, and supervisors; limited to environments where there is little to no change in the work setting; can perform postural activities occasionally; and requires a sit/stand option with the option to change positions hourly.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Boyd could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 25).

Mr. Boyd raises two primary arguments on appeal: (1) that the ALJ's holding runs afoul of the Fourth Circuit's decision in *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015); and (2) that the ALJ failed to properly evaluate pertinent evidence. Pl. Mot. 3-7. I concur that the ALJ's opinion is deficient under *Mascio*, and thus recommend remand to allow compliance with that decision. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Mr. Boyd is not entitled to benefits is correct or incorrect.

In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. *Id*. at 638. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 et. seq., pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00. The relevant listings therein consist of: (1) a brief statement describing a subject disorder; (2) "paragraph A criteria," which consists of a set of medical findings; and (3) "paragraph B criteria," which consists of a set of impairment-related functional limitations. *Id*. at § 12.00(A). If both the paragraph A criteria and the paragraph B criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id*.

Paragraph B consists of four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. The ALJ employs the "special technique" to rate a claimant's degree of limitation in each area, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. § 404.1620a(c)(2). The ALJ uses a five-point scale to rate a claimant's degree of limitation in the first three areas: none, mild, moderate, marked, or extreme. *Id*. at § 404.1620a(c)(4). In order to satisfy paragraph B, a claimant must exhibit either "marked" limitations in two of the first three areas, or "marked" limitation in one of the first three areas with repeated episodes of decompensation. *See*, *e.g.*, 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.02. Marked limitations "may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with [the claimant's] ability to function." *Id*. at § 12.00(C).

The functional area of "concentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate

completion of tasks commonly found in work settings." *Id*. at § 12.00(C)(3). Social Security regulations do not define limitations in concentration, persistence, or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id*. The regulations, however, offer little guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE – and the corresponding RFC assessment – did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. *Mascio*, 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id*. Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id*.

In the instant case, the ALJ found Mr. Boyd to have "moderate difficulties" in maintaining concentration, persistence, or pace. (Tr. 19). The entirety of the analysis states, "[Mr. Boyd's] impairments affect his ability to stay on task, but [he] is able to complete simple, unskilled tasks." *Id.* According to 20 CFR § 404.1520a(c)(2), the rating of "moderate difficulties" is supposed to represent the result of application of the following technique:

> We will rate the degree of your functional limitation based on the extent to which your impairment(s) interferes with your ability to function independently, appropriately, effectively, and on a sustained basis. Thus, we will consider such factors as the quality and level of your overall functional performance, any episodic limitations, the amount of supervision or assistance you require, and the settings in which you are able to function.

20 CFR § 404.1520a(c)(2). Once the technique has been applied, the ALJ is supposed to include the results in the opinion as follows:

> At the administrative law judge hearing and Appeals Council levels, the written decision must incorporate the pertinent findings and conclusions based on the technique. The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section.

20 CFR § 404.1520a(e)(4). The cursory analysis provided by the ALJ in Mr. Boyd's case fails to fulfill these requirements. Without further explanation, I am unable to ascertain whether the ALJ truly believed Mr. Boyd to have moderate difficulties in concentration, persistence, and pace, instead of mild, or no difficulties, and how those difficulties restrict his RFC to "simple, routine, repetitive tasks" without further limitation. (Tr. 20). In light of this inadequacy, I must remand the case to the Commissioner for further analysis consistent with the Fourth Circuit's mandate in *Mascio*. On remand, the ALJ should consider the appropriate level of limitation in the area of concentration, persistence, or pace and, if a moderate limitation is again found, should explain the reasons for that finding in order to permit an adequate evaluation of the moderate limitation under the dictates of *Mascio*.

Mr. Boyd makes the additional argument that the ALJ failed to properly evaluate pertinent evidence. Specifically, Mr. Boyd contends that the ALJ failed to address his diagnosis of "a significant left knee injury" in the RFC assessment. Pl. Mot. 6. To support his assertion, Mr. Boyd cites a 2003 opinion from hospital physician Dr. Yang that states that he has "a large tear in the anterolateral meniscus," "moderate lateral tibiofemoral joint narrowing with chondromalacia," and "a partially torn inferior and medial plica," among other findings. *Id*.; (Tr. 513). Although the ALJ did not explicitly note this evidence in her RFC assessment, I find that remand on this issue is unwarranted. Critically, "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision." *Gant v. Colvin*, 2015 WL 5735263, at *7 (D. Md. Sept. 28, 2015). Moreover, the evidence Mr. Boyd cites is immaterial because Dr. Yang evaluated Mr. Boyd three years prior to his alleged disability onset date. *Gerald v. Comm'r, Soc. Sec. Admin.*, 2015 WL 6531345, at *3 (D. Md. Oct. 27, 2015) (quoting *Eidoen v. Apfel,* 221 F.3d 1342 (8th Cir. 2000) (stating that "[m]aterial evidence is evidence that relates to the claimant's condition for the time period for which benefits were denied"). Regardless, the ALJ properly evaluated Mr. Boyd's knee impairment and assessed the RFC in light of the objective medical record. Most significantly, the ALJ noted that Mr. Boyd's allegations regarding his physical limitations were "inconsistent" with the objective record, (Tr. 24, 632-35), that his medical history denoted "only conservative treatment," (Tr. 24-25), and that his "objective tests show[ed] only mild to moderate damage," (Tr. 25). In addition, the ALJ cited opinion evidence from multiple consultative examinations that noted that Mr. Boyd's "physical examination…was completely normal, including strength and range of motion," and that "no objective studies to support [Mr. Boyd's] allegations regarding disabling pain." (Tr. 24, 425-30, 632-35). Considering the entirety of the ALJ's RFC analysis, I find that remand on this basis is therefore unwarranted.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

     Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                        Sincerely yours,

                        /s/

                        Stephanie A. Gallagher
                        United States Magistrate Judge